# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANNY SUDDOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 04-839-WDS |
| | ) | |
| THOMAS MOORE, WALTER J. | ) | |
| MEYER, JOHN EVANS, ROGER E. | ) | |
| WALKER, JR., KEVIN WINTER, KELLY | ) | |
| GRAHAM, JULIA I. VINCENT, DR. | ) | |
| FINERMAN and UNKNOWN JOHN DOE | ) | |
| PARTIES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, formerly an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:**    Against Defendants Jane Doe 1, Jane Doe 2, and Finerman for deliberate

indifference to his serious medical needs, in violation of his rights under the Eighth Amendment.

**COUNT 2:**   Against Defendants Moore and Meyer for retaliating against him for filing grievances, in violation of his rights under the First Amendment.

**COUNT 3:**   Against Defendants Moore, Meyer, Vincent and Graham for depriving him of due process, in violation of his rights under the Fourteenth Amendment.

**COUNT 4:**   Against Defendants Winters and Evans for failing to respond to his grievances.

**COUNT 5:**   Against Defendants Evans and Walker for not providing inmates with an effective method of regaining good conduct credit.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## COUNT 1

Plaintiff states that on or about February 18, 2003, he was bitten by a spider while at the Clayton Work Camp.  He received medical treatment from Jane Doe 1 in the form of ointment and

a bandage.  Over the next few days, the bite mark became swollen; Jane Doe 1 again provided him medical treatment.  On February 21 a nurse practitioner saw that his wound was swollen and draining; she also provided him with ointment and another bandage.  Other symptoms developed, including blisters on various parts of his body.  Plaintiff reported this condition to an officer; Plaintiff was then taken from the work camp to the Mt. Sterling Correctional Center.  He once again encountered Jane Doe 1, who had him assigned to Receiving.  Plaintiff was upset about this assignment, believing that he should have been sent to the infirmary; he filed a grievance against Jane Doe 1 requesting a return to the work camp.

Plaintiff was later transferred to Pinckneyville.  Plaintiff states that at Pinckneyville, Finerman directs inmates to purchase over-the-counter medications; Plaintiff believes that this requirement violates his constitutional rights.  He further claims that Jane Doe 2 noticed that he had two tender lumps that should be examined by a doctor, but Finerman would not see him.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition."  *Estelle,* 429 U.S. at 106.  *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi,* 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

The allegations in the complaint indicate that Jane Doe 1 and Jane Doe 2 were not deliberately indifferent to his medical needs; rather, it appears that each provided him with medical treatment on one or more occasions, as needed, for his spider bite.  Therefore, Plaintiff has not presented a viable constitutional claim against either nurse, and each is dismissed from this action with prejudice.

Plaintiff's allegations against Finerman are more troubling, at least in regards to Finerman's refusal to examine him upon a nurse's recommendation.  It may be that a spider bite is not considered a serious medical need, but the Court is unable to make that finding upon the brief information provided in the complaint.  Accordingly, the Court is unable to dismiss Count 1 against Finerman at this point in the litigation.

## COUNT 2

One day, Plaintiff asked Defendant Moore about the whereabouts of the nurse; he complained to Moore that Jane Doe 1 was supposed to arrange for him to see the doctor.  Moore interpreted Plaintiff's statements as making a threat against Jane Doe 1; Meyer and Moore then placed him in segregation and advised him that he could not "get away" with filing grievances

against staff members.  They subsequently issued a disciplinary ticket, which Plaintiff alleges was done in retaliation for his complaints and grievances.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Based on these standards, the Court is unable to dismiss this retaliation claim at this point in the litigation.

## COUNT 3

As stated above, Moore and Meyers issued a disciplinary ticket, apparently for statements Plaintiff made that they interpreted as threats against Jane Doe 1.  Plaintiff was found guilty by Vincent and Graham, who punished him with three months at C-grade, three months in segregation, and the loss of three months of good conduct credit.

The instant case is a challenge to disciplinary proceedings that resulted in the loss of good time credit as well as time in disciplinary segregation.  Plaintiff is challenging the impartiality of the hearing, as well as the validity of the charges against him.  Proof of such claims could invalidate the disciplinary proceeding, which in turn would invalidate Plaintiff's punishment of the revocation of three months of good time credit.  The proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts.  *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994).  The Illinois courts have

recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim. Plaintiff must exhaust his state court remedies before bringing his claims to federal court. Accordingly, Count 3 is dismissed from this action.

## COUNT 4

Plaintiff filed a grievance with Winters, who never responded. He also alleges that Evans failed to respond to complaints, grievances and law suits filed against Finerman. However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Moreover, Plaintiff has no constitutional right to receive his requested relief in response to a grievance. Therefore, Count 4 is dismissed from this action with prejudice.

## COUNT 5

In his final claim, Plaintiff asserts that Evans and Walker have policies that do not allow him to earn back any of his revoked good conduct credit. As stated above in Count 3, Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor*, 417 N.E.2d at 247; *Isaac*, 531 F. Supp. at 1091-94; *see* 735 ILCS 5/14-101

*et seq.*  Accordingly, Count 5 is dismissed from this action.

**PENDING MOTIONS**

      In his motion for default judgment (Doc. 5), Plaintiff seeks entry of default against Defendants for failure to respond to his complaint.  In his motion to show cause (Doc. 6), he wonders why his request for a default judgment has not been granted.  To date, though, Defendants have not yet been served in this action, despite Plaintiff's belief to the contrary.  Therefore, a default judgment is premature, and these motions are **DENIED**.

**DISPOSITION**

      **IT IS HEREBY ORDERED** that **COUNT 3, COUNT 4** and **COUNT 5** are **DISMISSED** from this action with prejudice.

      **IT IS FURTHER ORDERED** that Defendants **DOE 1, DOE 2, EVANS, GRAHAM, VINCENT, WALKER** and **WINTER** are **DISMISSED** from this action with prejudice.

      The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **FINERMAN, MEYER** and **MOORE**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

      The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **FINERMAN, MEYER** and **MOORE** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute

time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for

- 8 -

consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: March 16, 2006**

**s/ WILLIAM D.  STIEHL**
**DISTRICT JUDGE**